**UNITED STATES of America, Appellee,**

v.

**Gary Benjamin WILLIAMS, Appellant.**

No. 89–1760.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1989.

Decided June 5, 1990.

Rehearing and Rehearing En Banc
Denied July 11, 1990.

Lee T. Lawless, St. Louis, Mo., for appellant.

Kathianne K. Crane, St. Louis, Mo., for appellee.

Before ARNOLD, FAGG and MAGILL, Circuit Judges.

FAGG, Circuit Judge.

Gary Williams pleaded guilty to bank robbery and was sentenced as a career offender. *See* U.S.S.G. § 4B1.1 (Jan.1988). We affirm.

■ The government bears the burden of proving facts that support a sentence enhancement and the defendant bears the burden of proving facts that support a sentence reduction. *See United States v. Rodriguez*, 896 F.2d 1031, 1032 (6th Cir. 1990). We agree with Williams that the government had the burden of proving the factual prerequisites for a career offender enhancement. We disagree, however, with Williams's contention that the district court imposed the burden on him to show he was not a career offender.

■ The government presented evidence that Williams had been convicted of robbery on three separate occasions. The district court then gave Williams an opportunity to rebut the government's showing. After considering the evidence presented and concluding Williams was not a credible witness, the district court found Williams's robbery convictions did not result from related cases. *See* U.S.S.G. § 4B1.2(3) (Jan. 1988) (incorporating U.S.S.G. § 4A1.2(a)(2) and commentary, application note 3 (Oct. 1987)). We believe the government established by a preponderance of the evidence that Williams's robbery convictions should be counted separately and he should be sentenced as a career offender. *See Rodriguez*, 896 F.2d at 1032.

■ Williams also contends the district court improperly denied him a reduction for acceptance of responsibility on the grounds he was a career offender. *See* U.S.S.G. § 3E1.1(a) (Jan.1988). Although an amendment making section 3E1.1 applicable to career offenders became effective while this case was on appeal, *id.* § 4B1.1 (Nov. 1989), we review Williams's sentence in light of the guidelines in place at the time he was sentenced. *United States v. Green*, 902 F.2d 1311, 1313–1314 (8th Cir. 1990). Thus, Williams may not receive a reduction for acceptance of responsibility. *Id.; United States v. Thomas*, 894 F.2d 996, 997 (8th Cir.) (per curiam), *cert. denied*, —— U.S. ——, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990).

We have considered Williams's remaining contentions and find them without merit. Accordingly, we affirm the sentence imposed by the district court.