UNITED STATES of America, Appellee,

v.

Dell HESTER a/k/a Jerry Smith, Appellant.

No. 89–2471.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1990.

Decided Oct. 26, 1990.

Gregory G. Fenlon, St. Louis, Mo., for appellant.

Raymond M. Meyer, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Dell Hester appeals his convictions for possession with intent to distribute cocaine and conspiracy to distribute cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846 (1988). Hester also appeals his guidelines sentences. We affirm.

Government agents arrested Hester and his companion Sheila Hill when a pat down search of Hill revealed a package of cocaine taped securely to her body. Hill testified at trial that Hester was present when a coconspirator taped the cocaine to her, Hester was instructed by the coconspirator to deliver the cocaine personally to a buyer in St. Louis, and Hester accompanied Hill from Los Angeles to St. Louis as her bodyguard.

Hester argues there was insufficient evidence to convict him of the charged offenses. He also argues the district court committed error in denying his bill of particulars. These arguments are without merit.

We must view the evidence in the light most favorable to the government, and having done so, we reject Hester's argument that the government failed to prove his constructive possession of cocaine. Hill's testimony establishes that, although she had physical possession, Hester was in control of the cocaine. *United States v. Holm*, 836 F.2d 1119, 1123 (8th Cir.1988). Her testimony is also sufficient to prove Hester contributed to the conspiracy through his participation in the distribution scheme. *United States v. Drews*, 877 F.2d 10, 13 (8th Cir.1989). Because a bill of particulars is not a proper tool for discovery, we cannot say the district court abused its discretion in denying Hester's discovery-oriented bill of particulars. *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir.), *cert. denied*, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979).

Hester also asserts he was sentenced improperly as a career offender because one of the convictions the district court relied on is a misdemeanor. *See* U.S. S.G. § 4B1.1 (Jan.1988). Hester's argument misses the mark. Hester received a sentence of forty-five days in the county jail for selling a counterfeit controlled substance under Cal. Health & Safety Code § 11355 (West Supp.1980). Although California classifies this conviction as a misdemeanor, *see* Cal. Penal Code § 17(b)(1) (West Supp.1980); *People v. Holt*, 37 Cal.3d 436, 208 Cal.Rptr. 547, 555 n. 7, 690 P.2d 1207, 1215 n. 7 (1984), Hester's offense is considered a felony for purposes of section 4B1.1.

The commentary to section 4B1.1 defines a felony conviction as an offense "punishable by ... imprisonment for a term exceeding one year, regardless of whether [the] offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.1 application note 1 (incorporating U.S.S.G. § 4B1.2 application note 3). Under section 11355, Hester could have been confined in the "state prison for a term of 16 months, or 2 or 3 years." *People v. Jackson*, 196 Cal. App.3d 380, 242 Cal.Rptr. 1, 2 n. 2 (1987) (citing Cal.Penal Code § 18 (West Supp. 1980)). Because the potential punishment for Hester's offense exceeds one year, his

California conviction must be treated as a felony for federal sentencing purposes under section 4B1.1. *United States v. Thomas*, 894 F.2d 996, 997 (8th Cir.) (per curiam), *cert. denied,* — U.S. —, 110 S.Ct. 1935, 109 L.Ed.2d 298 (1990); *United States v. Whyte,* 892 F.2d 1170, 1172–73 (3d Cir. 1989), *cert. denied,* — U.S. —, 110 S.Ct. 1793, 108 L.Ed.2d 794 (1990). Hester's other assertions about his guidelines sentences are without merit.

We thus affirm Hester's convictions and sentences.

BRIGHT, Senior Circuit Judge, concurring in part, dissenting in part.

I dissent. I must respectfully disagree with the majority's approval of Hester's sentence as a career offender under the Guidelines, *see* United States Sentencing Commission, *Guidelines Manual* §§ 4B1.1–4B1.2 (Oct.1987) (as amended January 15, 1988) (amended Nov. 1, 1989) [hereinafter U.S.S.G.]. Here, the court approves a sentence of twenty-five years— more than three times the sentence the court could have imposed had Hester been considered an ordinary offender.[1] In my view, this decision misinterprets the career offender provision and violates any sense of fundamental fairness at sentencing.

In sentencing Hester as a "career offender," the district judge accepted the probation officer's analysis that Hester possessed the requisite two prior felony convictions for either a violent crime or a controlled substance offense, *see* U.S.S.G. § 4B1.1. There is no dispute that one of Hester's convictions, a robbery, qualified as one such conviction. However, Hester contends that the second conviction, a violation of California drug laws, does not constitute a prior felony conviction for a controlled substance offense for the purposes

of the career offender enhancement. In my view, Hester is correct, and therefore his sentence must be overturned.

Under the Guidelines, the Government bears the burden of proving the factual prerequisites for the career offender enhancement by a preponderance of the evidence. *See United States v. Williams,* 905 F.2d 217, 218 (8th Cir.1990). The scant documentation submitted by the Government fails to shoulder that burden.

The Government's documents indicate that, in September 1980, the California authorities charged Hester with violating Cal. Health & Safety Code § 11379.5 (West Compact Ed.1980) (amended 1984, 1985, 1989).[2] The complaint alleged that "DELL HESTER ... did willfully and unlawfully sell, furnish, administer, give away, manufacture, compound, transport and import into this state a controlled substance to wit, phencyclidine." Under California law, this offense is a felony calling for a three to five year term of imprisonment. *See* Cal. Penal Code § 17(a) (West Compact Ed. 1980). As such, this offense qualifies as a felony controlled substance offense for the purposes of the Guidelines' career offender provision. *See* U.S.S.G. § 4B1.2(2) & comment. (n. 3). Accordingly, had Hester been convicted of selling phencyclidine under section 11379.5, this would end our inquiry.

However, by an information dated October 6, 1980, the California authorities amended the charge against Hester to allege a felony violation of Cal. Health & Safety Code § 11355 (West Compact Ed. 1980) (amended 1983, 1984, 1986, 1987). This information accused Hester of the following conduct:

> DELL HESTER, on or about the 5th day of September, 1980 at and in the County of Los Angeles, State of California, did

---

**1.** As an ordinary offender, the Guidelines would have placed Hester at Offense Level 26 and in Criminal History Category III, resulting in a sentencing range of 78 to 97 months. The Guidelines' career criminal provision, however, placed Hester at Offense Level 34 and in Criminal History Category VI, resulting in a sentencing range of 262 to 327 months. After accepting the probation officer's representations about the applicability of the latter provisions, the trial

court sentenced Hester to 300 months (25 years) imprisonment.

**2.** The notation "11355 H & S," an apparent reference to Cal. Health & Safety Code § 11355, is handwritten on the information. It is impossible to ascertain from the document, however, whether this notation was added contemporaneously with Hester's initial appearance.

willfully and unlawfully agree, consent, and offer to unlawfully sell, furnish, transport, administer, and give a controlled substance, to wit, phencyclidine, and did then sell, deliver, furnish, transport, administer, and give, and offer, arrange, and negotiate to have sold, delivered, transported, furnished, administered, and given to Officers Williams and Jones, a liquid substance and material *in lieu of said controlled substance.*

(Emphasis added). Assuming, *arguendo*, that Hester subsequently pleaded guilty to violating section 11355,[3] the Government's documentation fails to demonstrate that the conduct charged above constituted (1) a controlled substance offense under U.S.S.G. § 4B1.2(2), or (2) a prior felony conviction as defined in U.S.S.G. § 4B1.2, comment. (n. 3).

The Guidelines in effect at the time of Hester's sentencing defined the term "controlled substance offense" as follows: "The term 'controlled substance offense' as used in this provision means an offense identified in 21 U.S.C. §§ 841, 845b, 856, 952(a), 955, 955a, 959; and similar offenses." U.S.S.G. § 4B1.2(2). Without exception, above-listed sections of the United States Code require a defendant to actually have dealings with (or attempt to have dealings with) a controlled or counterfeit substance.[4] By contrast, the California provision under which Hester was apparently charged contains no such requirement. Rather, section 11355 applies where a defendant merely agrees to provide a controlled substance "and then sells ... any other liquid, substance, or material in lieu of any such controlled substance."

Additionally, nowhere does the information (or any other document supplied by the Government) state that Hester, in fact, provided a controlled or counterfeit substance. By the Government's own admission, Hester did not provide phencyclidine. Sent. tr. at 5. Further, according to the amended information, Hester did only two things: (1) promise to provide a controlled substance; and (2) provide "a liquid substance and material in lieu of" the promised controlled substance. Thus, although Hester could have provided cigarettes dipped in a controlled substance, he also could have provided a cigarette dipped in Coca-cola. As a result, the instant record is insufficient to show that the career offender provision applies to the conduct that was the subject of Hester's California charges.

The Government also has failed to demonstrate that Hester's purported violation of section 11355 constituted a prior felony conviction. For the purposes of the Guidelines' career offender provisions, " '[p]rior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, *regardless of whether such offense is specifically designated as a felony* and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, comment. (n. 3) (emphasis added). By contrast, offenses under section 11355 are punishable only by "imprisonment in the county jail for not more than one year, or in the state prison." Hence, by its terms, section 11355 appears to limit the maximum possible sentence to one year of imprisonment.

Moreover, even if section 11355 could be interpreted to permit a penalty exceeding one year in felony cases, *see* Cal.Penal Code § 18 (West Compact Ed.1980), the Government still must show that Hester's offense constituted a felony under California law. Under California law, however, section 11355 is a "wobbler" statute, *People v. Holt*, 37 Cal.3d 436, 208 Cal.Rptr. 547, 555 n. 7, 690 P.2d 1207, 1215 n. 7 (1984) (en banc). The violation of a wobbler statute can be treated as either a misdemeanor or a felony depending on the punishment imposed. *People v. Hamilton*, 33 Cal.2d 45, 198 P.2d 873, 876 (1948) (en

---

**3.** In my view, the record is inconclusive on this point as well for reasons that I will subsequently address.

**4.** The statutory authorization for this provision derives from 28 U.S.C. § 994(h) (1988). U.S.

S.G. § 4B1.1, comment. (backg'd.). Thus, any subsequent amendments by the Sentencing Commission would still have to comport with the intent evinced by Congress in passing this section.

banc). In the absence of a sentence imposing a state prison term, a conviction under a wobbler statute becomes a misdemeanor by operation of state law. Cal.Penal Code § 17(b)(1) (West Compact Ed.1980).[5]

The Government's documentation fell woefully short of proving that California considered Hester's purported drug offense a felony. The Government has yet to supply a certified judgment of conviction for Hester's offense. Additionally, nowhere do the other records provided by the Government affirmatively state that Hester was sentenced for a felony. Indeed, as evidence of Hester's alleged plea and sentence under section 11355, the Government provided only two pages of court minutes. These records are incomplete, partially illegible and use unexplained abbreviations. To further confuse the issue, the latter page of the minutes inexplicably lists the charge against Hester as "H11355.5 DICTS" (emphasis added). Moreover, the minutes list Hester's punishment as three years of probation with a small jail term, which is consistent with classification as a misdemeanor under California law. *See* Cal.Penal Code §§ 17(a), 1203a (West Compact Ed.1980). Consequently, it is impossible to discern from the Government's documents whether Hester entered a plea to a misdemeanor, a felony or even a charge under section 11355.

In my view, Congress did not intend to impose a statutory maximum sentence on persons convicted of nonserious crimes merely because they had the misfortune to reside in a state, such as California, which makes little or no effort to formally distinguish petty offenses from felonies during criminal proceedings. Under such a system, the prosecutors have every incentive to charge petty offenses, like the offense here, as felonies. If nothing else, counting these small-time offenses for career offender purposes contravenes Congress' express goal of enacting Guidelines to reduce sentencing disparity.

The Government's showing here failed to establish conviction of a crime qualifying Hester for prison warehousing as a career offender. When the Government seeks to triple a defendant's sentence, the Government must do more than show that a defendant might possess a prior felony conviction or might have provided a controlled or counterfeit substance. In imposing a twenty-five year sentence premised on two prior felony convictions where only one has been shown to exist, this case is aptly characterized by a line from a Gilbert and Sullivan opera: "Here's a pretty kettle of fish!" *Iolanthe,* Act II.

Again, we are welcomed to the topsy-turvy world of the Federal Sentencing Guidelines in which the Congress assumed that those convicted of similar crimes with similar backgrounds would receive similar sentences. Yet others, such as this writer, must note flaws in the application of this sentencing system. The instant case presents yet another example of the inequity of the Guidelines, which rely upon probation officers to press the initial numbers into the "computer" and arrive at a sentence. Unfortunately, in the course of their number-punching, these non-judges make countless factual and legal interpretations that too often receive uncritical acceptance from over-worked district judges.

I am not alone in my criticism of the Sentencing Guidelines. Indeed, the widespread dissatisfaction among federal judges is echoed even by the district judge in this case, who, in sentencing Hester, stated:

> I will announce that I don't like the guidelines and I don't know many judges that do. I'll say that to you now. It's no secret, I just don't care for the guidelines; I don't care for the procedure.

---

**5.** California law is apparently in conflict about whether probation qualifies as a sentence imposing imprisonment. *Compare People v. Smith,* 223 Cal.App.2d 394, 36 Cal.Rptr. 119, 126 (1963) (probation with jail term makes offense into misdemeanor), *cert. denied,* 377 U.S. 1004, 84 S.Ct. 1940, 12 L.Ed.2d 1053 (1964), *with People v. Esparza,* 253 Cal.App.2d 362, 61 Cal.Rptr. 167, 169 (1967) (probation with jail term is not sentence, so offense remains felony), *cert. denied,* 390 U.S. 968, 88 S.Ct. 1082, 19 L.Ed.2d 1174 (1968). At the very least, California law poses a myriad of complex issues about when an offense charged as a felony becomes a misdemeanor. *See* Cal.Penal Code § 17(b)(1)–(5) (West Compact Ed.1980) (amended 1989).

Whether it's performing the function it was intended to perform, I don't know. It's been a hardship for the court and I'm sure it's a hardship on the parties, the government as well as the parties, as they apply.

Sent. tr. at 14.

Accordingly, for the reasons stated above, I would remand for resentencing in conformity with this opinion. In other respects, I concur.