**UNITED STATES of America, Appellee,**

v.

**Raymond Henry BAKER, aka Juan Ramon Randall, aka Jimmie Thornton Everton, aka Jim Everton, Appellant.**

**No. 90–3098.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1991.

Decided April 21, 1992.

District Court [1] for the Eastern District of Missouri, after an *Alford* [2] plea, finding him guilty of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Baker to 236 months imprisonment, four years of supervised release and a special assessment of $50.00. For reversal, Baker argues that the district court misapplied the sentencing guidelines and erred in sentencing him as a career offender. For the reasons discussed below, we affirm the judgment of the district court.

## FACTS

Baker was initially charged with conspiracy to possess and distribute cocaine, in violation of 21 U.S.C.A. § 846 (West Supp. 1991), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He was charged, by a superseding indictment, with money laundering in violation of 18 U.S.C.A. § 1956(a)(1)(B)(i) (West Supp.1991). These charges arose out of Baker's delivery of a package to a Federal Express office in Los Angeles in September 1989. This package was to be mailed to an address in St. Louis, Missouri. The package was searched with Baker's consent by law enforcement officials and several packages of cocaine were found inside a stuffed animal.

Baker entered an *Alford* plea to count II, possession with intent to distribute cocaine, and the other two counts were dismissed at the request of the government. The parties filed a "stipulation of facts relevant to sentencing." The parties stipulated that Baker's prior criminal history included a 1972 Illinois conviction for robbery, a 1974 California conviction for armed robbery, and a 1976 federal bank robbery conviction in the District of Colorado. In this stipulation the parties agreed that the career offender adjustment, U.S.S.G. § 4B1.1 (1990), was not applicable, but it was expressly noted that such a determination was a matter for the sentencing court to decide.

Stephen Gilmore, St. Louis, Mo., argued, for appellant.

Michael Fagan, Asst. U.S. Atty., St. Louis, Mo., argued, for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BEAM, Circuit Judge.

McMILLIAN, Circuit Judge.

Raymond Henry Baker appeals from a final judgment entered in the United States

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

2. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). An *Alford* plea is a qualified guilty plea in which the defendant is unwilling or unable to admit his participation in the criminal activity, but concludes his or her interests require the entry of a guilty plea because of the strength of the prosecution's case.

The district court found that Baker was a career offender using the California and Colorado convictions as the requisite prior violent felony convictions and sentenced Baker accordingly.

## DISCUSSION

■ The sole issue on appeal is whether the district court correctly sentenced Baker as a career offender under U.S.S.G. § 4B1.1 (1990). To be sentenced as a career offender, there are three requirements: (1) the defendant must be at least 18 years old at the time of the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

It is undisputed that Baker met requirements (1) and (2). The issue on appeal is whether Baker had *two* prior felony convictions. Baker admits that he has one prior violent felony conviction, the 1976 bank robbery conviction in Colorado. It is also undisputed that his 1972 Illinois robbery conviction is too old to be considered for career offender status under the 15–year time limit in U.S.S.G. § 4A1.2 (1990). At issue is the status of the 1974 California robbery conviction. This conviction falls within the 15–year time limit because the period of imprisonment extended into the time limit. Baker argues that the district court erroneously used his 1974 California conviction as one of the two requisite violent felony convictions for career offender status. Baker argues that his 1974 California conviction was a misdemeanor, not a felony, under California law when the offense was committed. Baker was sentenced to the California Youth Authority after his guilty plea to the 1974 robbery.

■ The government bears the burden of proving facts necessary to support a sentence enhancement. *United States v. Williams*, 905 F.2d 217, 218 (8th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 687, 112 L.Ed.2d 678 (1991). The government argues that it has met this burden because Baker's 1974 conviction for armed robbery was a conviction for a crime punishable by a term of imprisonment of more than one year and therefore should be counted as a felony under U.S.S.G. § 4B1.1 (1990).

■ We review Baker's challenge *de novo* because it involves a question of the proper interpretation of a provision of the sentencing guidelines. *United States v. Williams*, 891 F.2d 212, 214 (9th Cir.1989) (citation omitted), *cert. denied,* 494 U.S. 1037, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990).

■ The classification of the conviction under state law as a misdemeanor or felony or as an adult or juvenile crime is not controlling. The guidelines define "prior felony conviction" as a "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, note 3 (1990). Baker's California conviction was for armed robbery, which under this definition is classified as a felony, regardless of its classification under California law, because it is punishable by a term of imprisonment of more than one year. *United States v. Lenfesty*, 923 F.2d 1293, 1299–1300 (8th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 1602, 113 L.Ed.2d 665 (1991); *United States v. Hester*, 917 F.2d 1083, 1084–85 (8th Cir.1990). Additionally, it does not matter that Baker was sentenced to the California Youth Authority and not given a prison sentence, because under the sentencing guidelines, the offense is still classified as a prior violent felony. U.S.S.G. § 4B1.2 (1990).

However, the guideline definition of "prior felony conviction" also includes "prior *adult* federal or state conviction." U.S.S.G. § 4B1.2, note 3 (1990) (emphasis added). Baker was sentenced as a juvenile to the California Youth Authority because he was under 21 years of age at the time he was apprehended for the crime. It is clear that juvenile convictions, other than for status offenses, can be used to add points to a defendant's criminal history category in § 4A1.1. U.S.S.G. § 4A1.2(d)

(1990). *See United States v. Unger*, 915 F.2d 759 (1st Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991); *United States v. Hanley*, 906 F.2d 1116 (6th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 357, 112 L.Ed.2d 321 (1990).

The issue here is whether Baker's 1974 conviction can be used as a prior adult felony for career offender purposes. Neither U.S.S.G. § 4B1.2 nor its commentary define the term "adult." Yet the commentary states that "[t]he provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1." U.S.S.G. § 4B1.2, note 4 (1990). Thus, the career offender guidelines expressly cross-reference the definitions contained in the criminal history guidelines. Section 4A1.2 differentiates between offenses committed prior to age eighteen and all other offenses. The commentary explains that, "[t]o avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a 'juvenile,' this provision [§ 4A1.2(d)] applies to all offenses committed prior to age eighteen." U.S.S.G. § 4A1.2, note 7 (1990). Therefore, instead of looking to the law of the state of the prior offense to determine if a defendant was a juvenile or an adult, the guidelines apply the age distinction of eighteen. Baker, at the time of his commission of armed robbery in California, was nineteen years old and therefore under the sentencing guidelines is considered an adult. It does not matter that California law treated Baker as a juvenile. The district court thus properly considered the 1974 California conviction as a prior adult felony conviction for career offender status.

CONCLUSION

Accordingly, the judgment of the district court is affirmed.

BRIGHT, Senior Circuit Judge, concurring separately.

I concur in the result. Although the sentence does not violate the Guidelines, almost twenty years in prison for possession of cocaine with intent to distribute is a harsh result for this offender, now age thirty-eight. This sentence demonstrates yet again the vagaries of Guideline sentencing. A similar offender, who would have been under age eighteen when the prior offenses occurred, would not be a career offender, and would not have received this lengthy sentence but one no longer than eleven years and five months. This sort of gross disparity in sentencing often occurs under the Guidelines. *See* Gerald W. Heaney, *The Reality of Guidelines Sentencing: No End to Disparity*, 28 Am.Crim.L.Rev. 161, 188–89 (1991). The Career Offender provisions of the Guidelines should not operate as compulsory rules, but should instead function as general standards to aid sentencing judges. *See* Federal Courts Study Comm., Judicial Conference of the United States, Report of the Federal Courts Study Comm. 135–43 (1990). This case is another example of rigid guidelines producing inequity and injustice in sentencing, and demonstrates a need for the reformation, if not the abolishment, of Guideline sentencing.