966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
John PARKER, also known as Willis Jr. Parker, Appellant.
 No. 92-1060.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 8, 1992.
Filed: June 15, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 John Parker appeals from the ninety-seven-month sentence imposed by the district court[1] upon his plea of guilty to manufacturing marijuana in violation of 21 U.S.C. § 841(a). We affirm.
 
 
 2
 Law enforcement authorities observed Parker and his codefendant, Jerry Combs, tending 331 marijuana plants on United States Forest Service property. The presentence report (PSR) calculated Parker's offense level at 26 and his criminal history category at III, resulting in a sentencing range of 78 to 97 months. At the sentencing hearing, Parker testified that he had no knowledge of the marijuana operation until the day before they were arrested, when Combs asked him to help pull weeds. Parker argued that he was entitled to a four-level reduction of his offense level under U.S.S.G. § 3B1.2(a) because he was a minimal participant in the offense. The district court rejected this argument, explaining: "The court simply doesn't believe that Mr. Parker was not involved in this matter to a greater extent than he says he was." The court adopted the PSR's calculations and sentenced Parker to ninety-seven months imprisonment. Parker appeals the district court's denial of the minimal-participant reduction.
 
 
 3
 The defendant bears the burden of proving by a preponderance of the evidence facts that would support a reduction of his offense level. See, e.g., United States v. Williams, 905 F.2d 217, 218 (8th Cir. 1990), cert. denied, 111 S. Ct. 687 (1991). This court must "give due regard to the opportunity of the district court to judge the credibility of the witnesses." 18 U.S.C. § 3742(e). A district court's denial of a reduction under section 3B1.2 should be reversed only if it is clearly erroneous. United States v. Laird, 948 F.2d 444, 447 (8th Cir. 1991).
 
 
 4
 The district court was in the best position to judge Parker's credibility, and it found his testimony unbelievable. Parker did not present any corroborating evidence to help carry his burden of proof. Therefore, we cannot say the district court clearly erred in finding insufficient grounds for the adjustment.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas