7 F.3d 1043
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Willie COBLE, Appellant.
 No. 92-2312.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 27, 1993.
Filed: October 1, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie Coble appeals his sentence of 100 months imposed by the district court[1] after Coble pleaded guilty to possessing methylamine, knowing or having reasonable cause to believe that the methylamine would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(2). We affirm.
 
 
 2
 The presentence report (PSR) indicated a base offense level and total offense level of 40, and a criminal history category of I. The Guidelines range was 292 to 365 months, but the maximum statutorily-authorized sentence was 120 months.
 
 
 3
 At sentencing the parties stipulated that five gallons of methylamine would yield 25.4 kilograms of methamphetamine. Federal agents testified that they ordered five gallons of methylamine and then provided it to Coble in exchange for a promised one-fourth of the methamphetamine Coble would produce using the methylamine. The agents admitted, however, that they did not measure the methylamine after it arrived to assure that they actually received five gallons, and they never recovered the methylamine after Coble was arrested. Coble argued that the PSR incorrectly calculated the base offense level using U.S.S.G. § 2D1.11(c)(1) because he was not charged with unlawful manufacturing, importing, exporting, or trafficking; that the base offense level should have been 28 under U.S.S.G. § 2D1.11(a); and that there was insufficient evidence to prove by a preponderance of the evidence that he possessed five gallons of methylamine.
 
 
 4
 The district court determined that section 2D1.11(c)(1) applied because the government proved by a preponderance of the evidence that Coble possessed the methylamine in order to produce methamphetamine. The court also found that Coble possessed five gallons of methylamine. As a result, the court concluded that the PSR properly calculated a base offense level of 40; the court refused to decrease the offense level under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. The court sentenced Coble to 120 months, to be followed by a two-year term of supervised release. Subsequently, pursuant to the government's Federal Rule of Criminal Procedure 35(b) motion based on Coble's substantial assistance, the court lowered the prison term to 100 months.
 
 
 5
 Coble now argues that the district court erred by (1) concluding that section 2D1.11(c)(1) applied; (2) finding that the government proved by a preponderance of the evidence that he possessed five gallons of methylamine; and (3) concluding that he was not entitled to a two-level reduction for acceptance of responsibility.
 
 
 6
 We review de novo whether the district court correctly applied the Guidelines. See United States v. Baker, 961 F.2d 1390, 1392 (8th Cir. 1992). There is no dispute that the offense guideline applicable to Coble's offense is section 2D1.11. Section 2D1.11(c)(1) further provides, however, that the sentencing court should cross-reference section 2D1.1 "[i]f the offense involved unlawfully manufacturing a controlled substance, or attempting to manufacture a controlled substance unlawfully ... [and] if the resulting offense level is greater than that determined" under sections 2D1.11(a) and (b). It is also undisputed that Coble's base offense level of 40 under sections 2D1.1(a)(3) and (c)(2) is greater than his base offense level calculated under sections 2D1.11(a) and (b). The question, therefore, is whether the district court properly applied section 2D1.11(c)(1) to Coble.
 
 The Guidelines provide that the language
 
 7
 "[o]ffense involved unlawfully manufacturing a controlled substance or attempting to manufacture a controlled substance unlawfully," as used in subsection (c)(1), means that the defendant, or a person for whose conduct the defendant is accountable under § 1B1.3 (Relevant Conduct), completed the actions sufficient to constitute the offense of unlawfully manufacturing a controlled substance or attempting to manufacture a controlled substance unlawfully.
 
 
 8
 U.S.S.G. § 2D1.11, comment. (n.2). In addition, the "offense," unless otherwise specified, means "the offense of conviction and all relevant conduct under" section 1B1.3. U.S.S.G. § 1B1.1, comment. (n.1(l)).
 
 
 9
 The district court found that Coble did not simply possess the methylamine, but he acquired it for the purpose of manufacturing methamphetamine. Having carefully reviewed the record, we conclude that this finding was not clearly erroneous. See United States v. Lewis, 987 F.2d 1349, 1355 (8th Cir. 1993) (standard of review). As a result, the district court did not err by applying section 2D1.11(c)(1) when sentencing Coble. We also conclude that the district court did not clearly err by finding that Coble possessed five gallons of methylamine. See United States v. Clark, 980 F.2d 1143, 1147 (8th Cir. 1992) (per curiam) (standard of review). Finally, even assuming that Coble sufficiently preserved at sentencing his challenge to the denial of the acceptance-of-responsibility reduction, we give great deference to a district court's decision on this issue, and conclude that the district court did not clearly err by denying Coble a two-level reduction for acceptance of responsibility. See United States v. Welna, No. 93-1144, slip op. at 4 (8th Cir. July 12, 1993) (standard of review).
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri