32 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Ricardo VALDEZ, Appellant.
 No. 94-1434.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 12, 1994.
Filed: August 2, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ricardo Valdez appeals his 214-month sentence imposed by the district court[1] after he pleaded guilty to distributing more than five grams of crack cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B). We affirm.
 
 
 2
 Valdez's presentence report (PSR) indicated a base offense level of 34, based on Valdez's status as a career offender under U.S.S.G. Sec. 4B1.1(B),[2] and an automatic criminal history category of VI. Valdez's criminal history included two related felony convictions for robbery with a pistol and for armed robbery, and a 1992 conviction for aggravated battery. The battery conviction was punished by 105 days, and was imposed after Valdez pleaded guilty to stabbing another individual.
 
 
 3
 At sentencing, the government provided a certified copy of the aggravated battery charges and supporting documentation, showing battery was a second-degree felony under Florida law and was punishable by a term greater than one year. Valdez argued the actual sentence must be over one year in order to count as a prior felony. The court concluded the aggravated battery was a prior violent felony, and sentenced Valdez to 214 months imprisonment and five years supervised release, and imposed a $2000 fine.
 
 
 4
 On appeal, Valdez argues that the district court erred in determining he was a career offender because his actual 105-day sentence was less than one year and thus was not a "prior felony" for career offender purposes.
 
 
 5
 We conclude that Valdez's aggravated battery conviction qualifies as a prior felony conviction for a crime of violence, and thus Valdez was properly sentenced as a career offender. His position is rejected in the commentary to U.S.S.G. Sec. 4B1.2 which defines terms used in section 4B1.1 and provides that " '[p]rior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Section 4B1.2, comment. (n.3). We likewise have held that an offense punishable by a term exceeding one year counts as a prior felony for career offender purposes even when the term of imprisonment imposed was less than one year. See United States v. Hester, 917 F.2d 1083, 1084-85 (8th Cir. 1990).
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The HONORABLE D. BROOK BARTLETT, United States District Judge for the Western District of Missouri
 
 
 [2]
 A defendant is considered a career offender if he is at least eighteen years old at the time of the instant offense; the instant offense is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. Section 4B1.1