**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 22 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTHONY EUGENE BOYD,

    Defendant-Appellant.

No. 98-6001
(D.C. No. 97-CR-017)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

---

Anthony Eugene Boyd ("Boyd") pleaded guilty to conspiracy to distribute
and distribution of cocaine base (crack), in violation of 21 U.S.C. § 846. (R. I
#160 at 1.) His presentence report recommended a sentence between 292 months
and 365 months, based on an offense level of 35 and a career offender Category
VI criminal history. (R. II at 2-3.) However, in recognition of Boyd's substantial

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is
therefore ordered submitted without oral argument. This Order and Judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

assistance, the government moved for a downward departure pursuant to U.S.S.G. § 5K1.1. (Aplnt's App. 1.) The district court granted the motion, reduced Boyd's offense level by five levels, and sentenced Boyd to 175 months of imprisonment to be followed by a five-year term of supervised release. (R. II at 3-4, 7.) Boyd appeals his sentence, arguing that he was improperly classified as a career offender and that the district court made an insufficient departure.

Boyd was classified as a career offender based on two California state convictions for distributing controlled substances for which he received sentences of three years of imprisonment. (PSR at 7-8.) On appeal, Boyd argues that he was improperly sentenced as a career offender because California considered the predicate convictions misdemeanors, not felonies. Because he failed to raise this argument in the district court, we review only for plain error. See United States v. Gilkey, 118 F.3d 702, 704 (10th Cir. 1997) (noting that while failure to present issues in the district court generally results in waiver, a narrow exception permits plain error review of legal questions regarding the Sentencing Guidelines).

U.S.S.G. § 4B1.1 provides that a defendant is a career offender if he or she has two or more prior felony convictions for a "crime of violence" or a "controlled substance offense." A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of

a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (1997). The commentary to § 4B1.2 states that a "'[p]rior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 cmt. n.1 (1997) (emphasis added). Thus, it was not plain error for the district court to conclude that, for federal sentencing purposes, if a controlled substance offense is punishable by imprisonment for more than one year, it is a felony even if it is considered a misdemeanor in the jurisdiction imposing the conviction. See United States v. Baker, 961 F.2d 1390, 1392 (8th Cir. 1992); United States v. Raynor, 939 F.2d 191, 194-95 (4th Cir. 1991); United States v. Davis, 932 F.2d 752, 763 (9th Cir. 1991); United States v. Whyte, 892 F.2d 1170, 1172-73 (3d Cir. 1989).

Boyd also contends that in light of the government's strong § 5K1.1 motion, the district court incorrectly applied the Guidelines by not downwardly departing more than five offense levels. However, a complaint about the degree of downward departure, even if characterized as a misapplication of the Sentencing Guidelines, is not reviewable on appeal. See United States v. McHenry, 968 F.2d

1047, 1049 (10th Cir. 1992); <u>United States v. Bromberg</u>, 933 F.2d 895, 897 (10th Cir. 1991).

Boyd's sentence is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge