# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2175

_____

| | | |
|---|---|---|
| Richard L. Neal, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| United States of America, | * | Eastern District of Missouri |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted: October 5, 2001

Filed: October 23, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

In 1995, Richard L. Neal pleaded guilty to possessing 100 or more kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). His sentence of 188 months imprisonment and 4 years supervised release was affirmed on direct appeal. Neal now appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri denying his 28 U.S.C. § 2255 motion. The district court granted him a certificate of appealability on two issues: whether trial

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

counsel was ineffective for (1) failing to research and argue Indiana law adequately when attacking Neal's career-offender status at sentencing, and (2) failing to demand that the seized marijuana be reweighed at sentencing. For the reasons discussed below, we affirm the judgment of the district court.

The district court determined that Neal was a career offender, subject to an elevated base offense level and criminal history category under the Sentencing Guidelines, based on certain Indiana convictions which he unsuccessfully argued were related. His argument in this § 2255 proceeding, that trial counsel should have delved more deeply into Indiana law in challenging his career-offender status at sentencing, lacks merit. Indiana law does not affect this circuit's test for the relatedness of prior convictions, see United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.), cert. denied, 512 U.S. 1226 (1994), because state law does not control how offenses are treated for Guidelines purposes, see United States v. Baker, 961 F.2d 1390, 1392 (8th Cir. 1992). Thus, we conclude that the alleged deficiency in trial counsel's performance did not prejudice Neal because there is no "reasonable probability that . . . the result of the proceeding would have been different." See Strickland v. Washington, 466 U.S. 668, 694 (1984).

As part of his plea agreement, Neal stipulated that he was responsible for at least 100 kilograms of marijuana, and that the seized drug quantity had been determined to be 101 kilograms of marijuana when weighed and analyzed by a police laboratory. His second argument in this § 2255 proceeding, that trial counsel should have demanded that the marijuana be reweighed at sentencing, also lacks merit. These stipulations foreclosed any challenge to the drug quantity for which he was responsible. See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995). Thus, we again conclude that the alleged deficiency in trial counsel's performance did not prejudice Neal because there is no "reasonable probability that . . . the result of the proceeding would have been different." See Strickland v. Washington, 466 U.S. at 694.

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.