# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2704

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| David A. Gelinas, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 15, 2002

Filed: August 20, 2002

_____

Before MURPHY, HEANEY and BRIGHT, Circuit Judges.

_____

HEANEY, Circuit Judge.

David Gelinas was convicted by a jury of conspiracy to distribute 1000 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846, and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). The district court[1] sentenced him to concurrent sentences of 240 months on both counts. He appeals his sentence and asks us to consider whether the district court

_____

[1]The Honorable Michael J. Melloy, formerly United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit.

erred in finding that he should receive a three-level enhancement for being a manager or supervisor of a criminal activity involving five or more people, pursuant to U.S.S.G. § 3B1.1(b). We affirm the district court's application of the enhancement.

Additionally, the appellant filed a supplemental brief pro se, and raised the following issues: 1) whether the sentence imposed violated the principles set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000); 2) whether his convictions for conspiracy to distribute methamphetamine and conspiracy to commit money laundering constitute double jeopardy; 3) whether the court improperly instructed the jury as to the elements of money laundering; and 4) whether there was insufficient evidence to convict him of the charged offenses. After careful review of his brief and the government's response, we find those issues to be without merit.

Gelinas was involved in a conspiracy to distribute methamphetamine and engage in money laundering between 1995 and 1998. The uncontested evidence shows there were at least eight others involved in the conspiracy. Appellant arranged the flow of methamphetamine from California to Iowa; recruited and utilized others to wire money from Iowa to California to pay for the methamphetamine; recruited and utilized others to supply, transport, and ship the drugs; recruited and utilized others to pick up the money that had been wired to California; and gave others instructions to avoid detection. Gelinas acted as a conduit for the drugs and money passing between members of the conspiracy in California and Iowa.

Appellant contests the court's imposition of a three-level enhancement for a supervisory or managerial role. He argues there was insufficient evidence to support the district court's factual finding regarding his supervisory role in the conspiracy, and seeks a remand for resentencing. This court reviews the district court's determination of Gelinas's role in the offense as a factual matter, and applies a clearly erroneous standard of review. United States v. Cooper, 168 F.3d 336, 339 (8th Cir. 1999) (citing United States v. Brown, 156 F.3d 813, 817 (8th Cir. 1998)); United

States v. McFarlane, 64 F.3d 1235, 1236 (8th Cir. 1995). The interpretation and applicability of the Guidelines is a question of law that is reviewed de novo. McFarlane, 64 F.3d at 1236.

Section 3B1.1 of the guidelines states in relevant part, "[b]ased on the defendant's role in the offense, increase the offense level as follows: . . . . (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by three levels." Gelinas's role in the conspiracy was not limited to his recruiting efforts. He solicited others to assist in financing the sale and distribution of the drugs; explained to transporters how to carry the methamphetamine on their bodies; asked others to buy hand cleaner for him to use in packing the methamphetamine for shipment; encouraged co-conspirators to use false names and addresses when wiring money; and asked others to obtain ingredients to make methamphetamine. Because Gelinas has not shown that the enhancement for his supervisory or managerial role in the offense was clearly erroneous, the judgment of the district court is affirmed.

BRIGHT, Circuit Judge, concurring.

I have written many times about the unfair, overlong prison sentences meted out under the Sentencing Guidelines. See e.g., United States v. Baker, 961 F.2d 1390, 1393 (8th Cir. 1992) (Bright, J., concurring) ("This case is another example of rigid guidelines producing inequity and injustice in sentencing, and demonstrates a need for reformation, if not the abolishment, of Guideline sentencing."); United States v. England, 966 F.2d 403, 410-11 (8th Cir. 1992) (Bright, J., concurring) (noting and estimating the costs, in both human suffering and wasted tax dollars, of the lengthy prison terms required under the guidelines); United States v. Stockton, 968 F.2d 715, 721 (8th Cir. 1992) (Bright, J., concurring) ("[T]his sort of massively heavy punishment cannot be justified in a civilized society, unless there is a showing that

lengthy incarcerations protect society from incorrigible and continuing criminals. No such showing has been made in this case.").

Here we have another example of an application of the Sentencing Guidelines resulting in an exceedingly lengthy sentence for a relatively minor player in a drug conspiracy. See United States v. Griffin, 17 F.3d 269, 274 (8th Cir. 1994) ("What kind of a criminal justice system rewards the drug kingpin or near-kingpin who informs on all the criminal colleagues he or she has recruited, but sends to prison for years and years the least knowledgeable or culpable conspirator, one who knows very little about the conspiracy and is without information for the prosecutors?").

David Gelinas received a three-level adjustment under U.S.S.G. § 3B1.1(b) because he was a "manager or supervisor" of a criminal conspiracy to distribute 1000 grams or more of methamphetamine. At sentencing, the district court determined that Gelinas has a category II criminal history, and the offense level was 37, resulting in a sentencing range of 235-293 months. The court imposed a sentence of 240 months. Without the three-level increase, Gelinas' possible sentencing range would have been 168 to 210 months.

Even though the district court acknowledged at sentencing that Gelinas' "role is somewhat limited," the court still found that the government presented enough evidence to warrant the § 3B1.1(b) adjustment. The end result is that a forty-seven-year-old man has been sentenced to twenty years imprisonment while others facing the same charges received considerably lesser sentences. The government indicted Gelinas with two other men, both of whom pleaded guilty; one received a ninety-seven-month sentence and the other received a seventy-eight-month sentence.

There is something wrong when this type of inequity becomes a common part of our criminal justice system. See United States v. Griffin, 17 F.3d 269, 273-75 (8th Cir. 1994) (Bright, J., dissenting) (discussing the myth of consistency in sentences

and lengthy sentences meted out to people with no criminal history points or those who commit nonviolent crimes).  Again, I reiterate my call for abolishing or radically changing the Sentencing Guidelines and adopting a more fair and just system.  <u>See</u> <u>e.g.</u>, <u>United States v. England</u>, 966 F.2d 403, 411 (8th Cir. 1992) (Bright, J., concurring) ("In too many instances, the sentences directed by the guidelines waste the lives of men and women. . . . *It is time for a re-evaluation and change*.") (emphasis in original); <u>see</u> <u>also</u> <u>United States v. Chavez</u>, 230 F.3d 1089, 1093 (8th Cir. 2000) (Bright, J., concurring) ("'Is anyone out there listening?'  If not, isn't it about time?").

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.