[No. A034604. First Dist., Div. One. Oct. 22, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
BERNARD JACKSON, Defendant and Appellant.

382

**COUNSEL**

William P. Cole, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

HOLMDAHL, J.—A criminal defendant complains about the sentences which he received after revocation of two grants of probation.

The judgments are affirmed, but the sentences vacated.

### Statement of Facts

On three successive evenings in October 1982, defendant sold substances which he represented to be heroin to a paid police informant in the vicinity of the Kunta Kinte Hut in East Palo Alto. The first two sales involved some material which contained heroin and some which did not, and the third sale involved no heroin at all.

On April 9, 1984, about 8:45 in the evening, defendant sold a substance which he represented to be heroin to an undercover officer of the San Mateo County Sheriff's Department in East Palo Alto. The substance which defendant sold on this occasion contained no heroin.

On June 7, 1985, about 4 in the afternoon, defendant sold cocaine to an undercover officer of the East Palo Alto Police Department in East Palo Alto.

### Procedural History

The first of the three October 1982 sales resulted in defendant's conviction by plea of a violation of Health and Safety Code section 11352 (sale of heroin)[1] and defendant's admission in connection with that plea of one prior prison term charged under Penal Code section 667.5, subdivision (b). Additional counts based on the other two October 1982 sales were to be dismissed pursuant to plea bargain. On June 9, 1983, the San Mateo County Superior Court suspended imposition of sentence and placed defendant on probation for two years, with conditions which included defendant's confinement in the county jail for six months.

As a result of the April 1984 sale defendant's probation was revoked on August 20, 1984. The April 1984 sale also resulted in defendant's conviction by plea (pursuant to plea bargain) of a violation of Health and Safety Code section 11355 (furnishing a substance in lieu of heroin)[2] and defendant's admission in connection with that plea of two prior prison terms charged

---

[1] The version of Health and Safety Code section 11352 in effect in 1982 provided for a state prison term of three, four, or five years as punishment for the felony which it defined. Amendments to section 11352 in 1983, 1984, and 1986 have not changed this punishment provision.

[2] The version of Health and Safety Code section 11355 in effect in 1984 did not specify the length of any state prison term to be imposed as punishment for the felony which it defined. Violation of section 11355 was, therefore, punishable by confinement in state prison for a term of sixteen months, or two or three years. (Pen. Code, § 18.) Amendments to section 11355 in 1984 and 1986 have not changed this lack of specification.

under Penal Code section 667.5, subdivision (b). On October 17, 1984, the San Mateo County Superior Court suspended imposition of sentence in the 1984 case. This time the court placed defendant on probation for three years, with conditions which included defendant's confinement for six months in the county jail. At the same time, the court restored defendant to probation in the 1982 case.

The clerk's transcript for defendant's 1982 case indicates that on May 31, 1985, defendant failed to make a court appearance in that case and his probation was summarily revoked.[3] On February 24, 1986, the trial court conducted an evidentiary hearing in connection with the defendant's probationary status in both the 1982 case and the 1984 case. At that hearing, defendant denied having made the cocaine sale on June 7, 1985, but did not deny his failure to perform community service which had been a condition of his probation in the 1982 case. ██ ██fn.██ The trial court found by a clear and convincing evidence standard[4] that the defendant had sold cocaine to the undercover officer, and declared probation revoked in both the 1982 case and the 1984 case.[5]

On March 25, 1986, the trial court imposed sentence in both cases. In the 1982 case, defendant was sentenced to the upper term, five years in state prison, with a one-year enhancement pursuant to Penal Code section 667.5, subdivision (b), to be served consecutively. In the 1984 case, the sentence was eight months in state prison (one-third the midterm of two years) to be served consecutively to defendant's terms in the 1982 case, pursuant to

---

[3] Summary revocation prevented the two-year period of probation from running out before the court could give the question of defendant's probation status plenary consideration. (Pen. Code, § 1203.2, subd. (a), last sentence.)

Testimony by an adult probation officer at a subsequent formal revocation hearing suggested that the May 31, 1985, proceedings had to do with defendant's failure to perform 163 hours of public service work which were a condition of his probation in the 1982 case.

[4] A "clear and convincing" showing is the burden of persuasion for establishing a violation of probation in California criminal proceedings. (People v. Coleman (1975) 13 Cal.3d 867, 876-877, fn. 8 [120 Cal.Rptr. 384, 533 P.2d 1024]; People v. Hayko (1970) 7 Cal.App.3d 604, 609-610 [86 Cal.Rptr. 726].)

[5] What the trial judge actually said was, "Well, I will sustain the petition." No document entitled "Petition" appears in the clerk's transcript for either the 1982 case or the 1984 case. However, the judge's meaning is clear enough, and defendant appears to have received abundant notice of the hearing which took place on February 24, 1986. (Cf. Pen. Code, § 1203.2, subd. (b).) In the 1982 case, defendant was personally present when the case was on calendar on June 14, 1985, for consideration of his alleged violation of probation, and at subsequent callings of the case for the same purpose on July 2, 26, and 30, August 30, September 12 and 16, October 31, November 7, 1985, and February 10 and 11, 1986. In the 1984 case, the adult probation department filed an "Affidavit of Probation Violation" on June 21, 1985, in which the affiant probation officer moved for revocation of probation. Further, defendant was personally present in court when the 1984 case was on calendar for consideration of his alleged violation of probation on July 2, 1985, and at subsequent callings of the case on the same dates that the 1982 case was on calendar.

Penal Code section 1170.1, subdivision (a), for an aggregate term of six years, eight months.[6]

Defendant appeals, contending that the trial judge committed reversible error in his imposition of sentence. ■ Review of alleged sentencing error on an appeal from a conviction by plea is permissible without a certificate of probable cause from the trial court. (*People* v. *Billets* (1979) 89 Cal.App.3d 302, 308 [152 Cal.Rptr. 402]; *People* v. *Santos* (1976) 60 Cal.App.3d 372, 376 [131 Cal.Rptr. 426].)

### *Proper Sentencing Procedure*

In the present case, the trial court made three sentencing choices, as follows.

■ First, the trial court had to choose whether to grant or to deny probation. (Cal. Rules of Court, rule 433(a)(2).)[7] Rule 414 sets forth the criteria which govern this choice. Further, this choice had to be accompanied by a statement of reasons on the record. (Pen Code, § 1170, subd. (c); rules 405(f), 433(c)(5), 439(d), 443; *People* v. *Romero* (1985) 167 Cal.App.3d 1148, 1151 [213 Cal.Rptr. 774]; *People* v. *Haynes* (1984) 160 Cal.App.3d 1122, 1138 [207 Cal.Rptr. 139], quoting from *People* v. *Arceo* (1979) 95 Cal.App.3d 117, 121 [157 Cal.Rptr. 10].) ■ Having initially opted in favor of probation, the trial court was once again faced with the same choice upon revocation of probation in the two cases here involved. (Pen. Code, § 1203.2; rule 435.) Upon making its choice to grant or to deny probation for the second time in each case, the trial court was as much bound to base its choice on criteria dictated by the rules of court and to state the reasons for its choice as it was the first time. (*People* v. *Slaughter* (1987) 194 Cal.App.3d 95, conc. and dis. opn. of Poché, J., 100-101 [239 Cal.Rptr. 337]; contra, *id.,* at pp. 98-99.)

■ Second, having chosen after revocation of probation to terminate probation and to order defendant to serve time in prison, the trial court had to decide whether the circumstances in either the 1982 case or the 1984 case were such as to justify the imposition of the upper or lower, rather than the mid term. (Pen. Code, §§ 12, 1170, subd. (b); rule 433(c)(1).) Rules 421 and 423 set forth the criteria which govern this choice. Having chosen to impose the upper term in the 1982 case, the trial court was obliged to state for the record the reasons which prompted that choice. (Pen. Code, § 1170, subd.

---

[6]The decision to make the sentence for the 1984 case consecutive to the sentence for the 1982 case necessitated the exclusion of any enhancements to the sentence for the 1984 case. (Pen. Code, § 1170.1, subd. (a).)

[7]All references to rules are to the California Rules of Court.

(b); rules 433(c)(5), 439(c), 443; *People* v. *Davis* (1980) 103 Cal.App.3d 270, 279-280 [163 Cal.Rptr. 22], disapproved on another ground in *People* v. *Wolcott* (1983) 34 Cal.3d 92, 106, fn. 6 [192 Cal.Rptr. 748, 665 P.2d 520], and on yet another ground in *People* v. *Sumstine* (1984) 36 Cal.3d 909, 921, fn. 8 [206 Cal.Rptr. 707, 687 P.2d 904]; *People* v. *Hernandez* (1979) 100 Cal.App.3d 637, 643 [160 Cal.Rptr. 607].) The trial court's decision whether to impose a sentence enhancement pursuant to Penal Code section 667.5, subdivision (b), on the other hand, although required by rule 433(c)(2), was not a sentencing choice for which a statement of reasons was required. (*People* v. *McCutcheon* (1986) 187 Cal.App.3d 552, 558 [232 Cal.Rptr. 159]; *People* v. *Langevin* (1984) 155 Cal.App.3d 520, 524 [202 Cal.Rptr. 234]; *People* v. *Peace* (1980) 107 Cal.App.3d 996, 1002 [166 Cal.Rptr. 202] quoting *People* v. *Dixie* (1979) 98 Cal.App.3d 852, 857 [159 Cal.Rptr. 717].)

■ Third, having chosen to impose the upper term plus an enhancement in the 1982 case, the trial court had to choose whether to make the sentence in the 1984 case concurrent with or consecutive to the sentence in the 1982 case. (Pen. Code, § 1170.1, subd. (a); rule 433(c)(3).) Rule 425 sets forth the criteria which govern this choice. Having chosen to impose consecutive terms, the trial court was obliged to state for the record the reasons which prompted that choice. (Pen. Code, § 1170, subd. (c); rules 405(f), 433(c)(5), 443; *In re Spears* (1984) 157 Cal.App.3d 1203, 1211 [204 Cal.Rptr. 333]; *People* v. *Callahan* (1983) 149 Cal.App.3d 1183, 1185-1186 [198 Cal.Rptr. 12] [trial court must state reasons for ordering that term imposed in one case run consecutive to term imposed in another case]; *People* v. *Beaudrie* (1983) 147 Cal.App.3d 686, 694 [195 Cal.Rptr. 289] [trial court must state reasons for imposing consecutive terms upon revocation of probation].)

■ One important reason for the requirement that the sentencing court accompany each of the three sentencing choices which it made in this case with a statement of reasons is the assurance which such statements provide that no one fact has been twice used to enhance punishment. (*In re Spears, supra,* 157 Cal.App.3d at p. 1211; *People* v. *Peters* (1982) 128 Cal.App.3d 75, 87 [180 Cal.Rptr. 76]; *People* v. *Davis, supra,* 103 Cal.App.3d at p. 280.) Penal Code section 1170, subdivision (b), prohibits such dual use of facts in the following terms: "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section 667.5, 1170.1, 12022, 12022.4, 12022.5, 12022.6, or 12022.7." Similarly rule 441(c) provides, "A fact used to enhance the defendant's prison sentence may not be used to impose the upper term." In other words, a fact used to impose an enhancement under Penal Code section 667.5 may not be considered as a reason for imposing an upper base term. (*People* v. *Jardine* (1981) 116 Cal.App.3d 907, 924 [172 Cal.Rptr. 408], disapproved on another

ground in *People* v. *Holt* (1984) 37 Cal.3d 436, 452-453 [208 Cal.Rptr. 547, 690 P.2d 1207].) The California Supreme Court has also interpreted Penal Code section 1170, subdivision (b), as prohibiting use of the same fact as justification for both an aggravated term and a consecutive term. (*People* v. *Avalos* (1984) 37 Cal.3d 216, 233 [207 Cal.Rptr. 549, 689 P.2d 121] relying on *People* v. *Lawson* (1980) 107 Cal.App.3d 748 [165 Cal.Rptr. 764]; accord, *People* v. *Callahan, supra,* 149 Cal.App.3d at p. 1187.)

### Procedure Followed in Present Case

The trial judge made the following explanatory remarks before imposing sentence.

"I find that pursuant to Rule 414 of the California Rules of Court, the defendant has failed on probation previously and has a record of established criminal activity stretching back over many years and therefore would not be a successful candidate for probation at this time.

"As to taking into consideration, pursuant to California Rules of Court, the matters—421—the matters in aggravation, according to my review of the files and probation officer's, his violations of probation represents [*sic*] just another long series of offenses similar to those for which he has been previously committed to California Department of Corrections which he was placed on probation to serve another prison sentence previously and has not bothered to alter his pattern of criminal behavior.

"He's been totally unsatisfactory on probation in the past and has learned nothing from his lengthy periods of incarceration, which is a sad situation.

"From reading the reports, it would seem that Mr. Jackson has potential of, if he would just put his energies in other matters—

"In matters of mitigation, pursuant to Rule 423, . . . I'd think that the, even considering the very small quantities, it's a continual pattern and I don't know whether he'll gain anything or not.

"Sometimes—but, I don't think that the matters in mitigation, considering the small sales, he is accused of here, where he violated his probation outweighs those matter [*sic*] in aggravation."

■ No error appears with respect to the first of the three sentencing choices which the trial judge made. The judge's remarks indicate an appreciation of the discretion which he enjoyed to regrant or to deny probation, even though he had already found defendant in violation of probation. His

reference to criteria found in rule 414(d), both by rule number and by descriptive language, satisfied the requirement of a statement of reasons for this sentencing choice. (Rule 443; cf. *People* v. *Enright* (1982) 132 Cal.App.3d 631, 635-636 [183 Cal.Rptr. 249] [allusion to criteria for sentencing choice by rule numbers only, without clarifying descriptive language, is "essentially meaningless" and does not satisfy the requirement for a statement of reasons].)

■ As to the second sentencing choice, defendant contends that the trial court violated the dual use of facts proscription of Penal Code section 1170, subdivision (b). The People agree with defendant that the trial court cited only two out of the seventeen circumstances in aggravation listed in rule 421 as its reasons for imposing the upper term in the 1982 case—prior unsatisfactory performances on probation (rule 421(b)(5)) and prior prison terms (rule 421(b)(3)). The People point out, however, that "[s]erving a prior prison term and performing unsatisfactorily on probation are separate cognizable reasons for imposing an aggravated sentence."

What the People point out is true enough, but it does not make any difference under *People* v. *Jardine, supra,* 116 Cal.App.3d 907, on which defendant relies. In *Jardine,* the trial judge imposed enhancements pursuant to Penal Code section 667.5, subdivision (b), for prior prison terms, but then cited prior prison terms as one out of three circumstances in aggravation under rule 421 justifying imposition of the upper base term for robbery. (*Id.* at pp. 923-924.) The appellate court held that although two out of the three circumstances which the trial court had recited "were matters which the court was entitled to consider in aggravation," the Court of Appeal could not "assume that the trial court's reference to the prior convictions did not influence the court's selection of the upper term." (*Id.* at p. 924.) Still less can this court assume that defendant's prior prison terms did not influence the trial court's choice of an upper term in the 1982 case, when they were one out of only two circumstances in aggravation to which the trial court referred and, as defendant points out, the trial judge's explanation of circumstances in aggravation contains *three* references to defendant's prior prison terms—"previously committed," "another prison sentence," and "periods of incarceration." The People make no attempt to distinguish *Jardine* and offer no reason why *Jardine* should not apply in the present case.

Defendant makes a second point with respect to the second of the three sentencing choices which the trial court made. Defendant points out that the trial court's conclusion that circumstances in mitigation did not outweigh circumstances in aggravation, does not constitute the finding that circumstances in aggravation outweigh circumstances in mitigation which

rule 439(b)[8] requires for imposition of an upper term of imprisonment. The People concede "that the trial court misspoke in stating the standard of comparison for considering aggravating and mitigating factors," but nevertheless attempt to construe the trial court's remarks as a finding "that there were no mitigating factors to consider."

The record does not support the People's strained construction of the trial court's remarks. The only reasonable interpretation to which the trial court's discussion of circumstances in mitigation is susceptible is that the court found that such circumstances did exist and that "small sales" was one of them. The record reveals without contradiction that the 1982 sale to which defendant pleaded guilty involved two bindles of powder at a price of $15 per bindle, and that the powder containing heroin weighed a mere .03 gram. ■ Although "small sales" is not one of the circumstances in mitigation listed in rule 423, that list is not an exclusive list. (Rule 408(a); *People* v. *Berry* (1981) 117 Cal.App.3d 184, 191 [172 Cal.Rptr. 756]; *People* v. *Covino* (1980) 100 Cal.App.3d 660, 671 [161 Cal.Rptr. 155].) The trial court was entitled to consider "small sales" as a circumstance in mitigation and to give that circumstance the weight to which the trial court believed it was entitled.[9] ■ The record clearly reveals that the trial court did precisely that. We can not, however, be sure in the present case whether the trial court found the weight of "small sales" and other "matters in mitigation" to be less than or just equal to the weight which the trial court gave to circumstances in aggravation, and we can not tell what the trial court might have had in mind in addition to "small sales" when the trial court referred to "matters [plural] in mitigation."

---

[8] Rule 439(b) provides, "Selection of the upper term is justified only if, considering the entire record of the case, including the probation officer's report, other reports properly filed in the case, and other competent evidence, circumstances in aggravation are established by a preponderance of the evidence and outweigh circumstances in mitigation. Selection of the lower term is justified only if, considering the same facts, circumstances in mitigation are established by a preponderence of the evidence and outweigh circumstances in aggravation."

[9] If the trial court's reference to "small sales" in the plural was an allusion to the fact that the October 1982 transaction which resulted in defendant's conviction under Health and Safety Code section 11352 involved two $15 bindles, the trial court was properly exercising its discretion. If, however, the trial court's use of the plural meant that the court was additionally considering the circumstances of the other two October 1982 sales, which did not result in convictions, the trial court erred. "Reliance, for the purpose of aggravation, upon a count, not transactionally related to the sentencing charge and dismissed pursuant to a plea bargain, is improper." (*People* v. *Davis, supra,* 103 Cal.App.3d at p. 280, relying on *People* v. *Harvey* (1979) 25 Cal.3d 754, 757-759 [159 Cal.Rptr. 696].) In fairness to the People, such reliance for the purpose of mitigation is equally improper. Similarly, if the trial court's use of the plural meant that the court was considering the circumstances of the 1984 sale or the 1985 sale, the trial court violated rule 435(b)(1), which provides, in relevant part, "The length of the sentence shall be based on circumstances existing at the time probation was granted, and subsequent events may not be considered in selecting the base term nor in deciding whether to strike or specifically not order the additional punishment for enhancements charged and found."

 The third point which defendant raises relates to the third sentencing choice which the trial court made, the decision to impose consecutive sentences. Defendant contends that the trial judge failed to state his reasons for this sentencing choice. The People agree that "[t]he record fails to indicate any reason stated by the trial court for imposing a consecutive sentence in" the 1984 case, and conclude that "[t]he matter should be remanded for resentencing."

In sum, the record reveals one failure to make a required statement of reasons in sentencing in the 1984 case, and two aspects in which the trial court's statement of reasons for imposing the upper term in the 1982 case is inadequate, because it is not clear enough whether the trial court obeyed rules 439(b) and 441(c) in making that sentencing choice.

### Proper Procedure in Present Case

 The doctrine of harmless error applies as much in cases of sentencing error as in other cases. (*People* v. *Avalos, supra,* 37 Cal.3d at p. 233 [dual use of facts]; *People* v. *Smith* (1984) 155 Cal.App.3d 539, 546 [202 Cal.Rptr. 259] [insufficient statement of reasons for imposing consecutive sentences]; *People* v. *Dunnahoo* (1984) 152 Cal.App.3d 561, 578-579 [199 Cal.Rptr. 796] [failure to state reasons for imposing a consecutive sentence]; *People* v. *Hurley* (1983) 144 Cal.App.3d 706, 713-714 [192 Cal.Rptr. 805] [dual use of facts].) The People acknowledge one sentencing error. By taking the position that this case should be remanded for resentencing, the People implicitly concede that this one sentencing error was not harmless—that a miscarriage of justice occurred within the contemplation of Article VI, section 13 of the California Constitution, based on this one error. We believe that enough likelihood exists that correction of the trial court's three sentencing errors would result in more lenient sentence on remand to justify the People's implicit concession. (Cf. *People* v. *Avalos, supra,* 37 Cal.3d at p. 233.)

Neither the trial court nor the parties should draw an inference from our finding of prejudicial error, or from the disposition which we order, as to what this court believes would be an appropriate sentence in the present case. We intend that our disposition leave unfettered the discretion of the parties to recommend, and of the trial court to impose, sentences which they believe are appropriate, in accord with applicable statutes and rules.

We will vacate defendant's sentence, conditioned on the People's election to request a resentencing hearing, with a modification of sentence to defendant's benefit to take place if the People do not request such a hearing. (*People* v. *Jardine, supra,* 116 Cal.App.3d at p. 924.) The People have a

right to have defendant resentenced, but should have the opportunity as well to forego that right, in order to conserve public resources. The District Attorney of San Mateo County can, in his discretion, assess whether the probability of an equally long sentence on resentencing is great enough to justify the public expense involved in resentencing. (See *People* v. *Wychocki* (1987) 188 Cal.App.3d 1063, 1067 [233 Cal.Rptr. 830]; *People* v. *Dunnahoo, supra,* 152 Cal.App.3d at p. 579.)

In the event of no resentencing, we will adjust defendant's sentence to his benefit in the two aspects which the sentencing errors affect—the choice of an upper base term for the 1982 case and the imposition of a consecutive sentence in the 1984 case.

We affirm the judgments of conviction in both the 1982 case and the 1984 case, but vacate the sentences imposed in both cases, on condition the People elect within 30 days of the issuance of this court's remittitur to have defendant returned to court for resentencing. If the People do not so elect, the sentences heretofore imposed are modified as follows. In the 1982 case the middle base term of four years is substituted in place of the upper term of five years, making the total term, including enhancement, five years. In the 1984 case the full middle term of two years is substituted in place of one-third the middle term, and two one-year enhancements are imposed pursuant to the mandatory language of Penal Code section 667.5, subdivision (b), making the total term, including enhancements, four years. The sentence in the 1984 case is to be concurrent with the sentence in the 1982 case.

If defendant finally receives a sentence which differs from that heretofore imposed, either as a result of resentencing or as a result of implementation of this court's conditional modification, the trial court must forward an amended abstract of judgment to the Department of Corrections. (*In re Bower* (1985) 38 Cal.3d 865, 880 [215 Cal.Rptr. 267, 700 P.2d 1269]; *People* v. *Tobia* (1979) 98 Cal.App.3d 157, 166 [159 Cal.Rptr. 376].)

Elkington, Acting P. J., and Newsom, J., concurred.