# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1147

_____

United States of America,         *
                                  *

       Plaintiff - Appellee,    *

                                  *   Appeal from the United States District

     v.                        *   Court for the Southern District of

                                  *   Iowa.

Obie Terrell Sumlin,          *

                                  *

       Defendant - Appellant.   *

                                  *

_____

Submitted: June 9, 1998
Filed: June 26, 1998

_____

Before WOLLMAN and MURPHY, Circuit Judges, and KYLE,[1] District Judge.

_____

MURPHY, Circuit Judge.

Obie Sumlin pled guilty to being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), and was sentenced to 183 months as an armed career criminal. See 18 U.S.C. § 924(e)(1). On appeal Sumlin challenges the application of the § 924(e)(1) enhancement. We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

The armed career criminal statute provides that anyone "who violates section 922(g) of [title 18] and has three previous convictions . . . for a violent felony . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The statutory enhancement in § 924 is thus triggered by convictions for violent felonies, including burglary, that are "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). Another section of the statute adds to the definition of the triggering conviction: "[a]s used in this chapter . . . the term 'crime punishable by imprisonment for a term exceeding one year' does not include . . . [a]ny State offense classified by the laws of the state as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B); see United States v. Hassan El, 5 F.3d 726, 732 (4th Cir. 1993).

At the time of his guilty plea Sumlin had been convicted of three prior second degree burglaries in California. The presentence report concluded that these convictions made Sumlin an armed career criminal within the meaning of § 924(e)(1). Burglary generally qualifies as a violent felony for the purposes of the statute. United States v. Demint, 74 F.3d 876, 877 (8th Cir.), cert. denied, 117 S.Ct. 364 (1996). Sumlin contended, however, that his first two convictions were not violent felonies as defined in §§ 924(e)(2)(B) and 921(a)(20)(B). He argued that because he initially had not been sentenced to state prison for either offense, the convictions were classified as misdemeanors under California law. The district court[2] overruled Sumlin's objection to armed career criminal status, concluding that the convictions met the statutory definition and enhanced his sentence under § 924(e)(1).

Sumlin now renews his contention that two of his California burglary convictions do not meet the statutory definition for violent felonies. He argues the statutory enhancement was erroneous because his crimes were classified as misdemeanors under

_____

[2]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

California law since he was not sent to state prison, see Cal. Penal Code §§ 17 and 461, and the initial sentences for the two burglaries were for less than two years imprisonment. The government responds that the sentence actually imposed is irrelevant for the purposes of § 924 because the crimes could have been punished by incarceration for two years.

On both contested convictions, Sumlin was initially sentenced to probation which was subsequently revoked. For the first burglary conviction he received three years probation with 270 days in custody, but two years in state prison upon probation revocation. On the second he received three years probation with one year in jail, later increased to two years in state prison after revocation.

We review the question of whether a prior offense constitutes a violent felony de novo. See United States v. Moore, 108 F.3d 878, 880 (8th Cir. 1997); United States v. Demint, 74 F.3d 876, 877 (8th Cir. 1990). The provision in § 921 which excludes certain state convictions from the definition of violent felony applies only if the conviction was a misdemeanor under state law "and was punishable by a term of imprisonment of two years or less." See 18 U.S.C. § 921(a)(20)(B) (emphasis added). Since Sumlin's first two burglary convictions otherwise fall within the statutory definition of violent felonies, both still qualify if they were punishable by more than two years imprisonment regardless of the punishment actually imposed by the state court. Hassan El, 5 F.3d at 733. This requires us to look to state law to determine the possible sentence. Id.

Second degree burglary in California is punishable by "imprisonment in the county jail not exceeding one year or in the state prison." Cal. Penal Code § 461(2). California law provides that if a crime is "punishable by imprisonment in a state prison" and no prison term is specified, the crime is punishable by up to three years imprisonment. Cal. Penal Code § 18. Second degree burglary therefore carries the possibility of a term of imprisonment of more than two years. See Cal. Penal Code

§ 18; <u>see</u> <u>also</u> <u>People v. Soto</u>, 212 Cal. Rptr. 696, 699-700 (Cal. Ct. App. 1985); <u>People v. Takencareof</u>, 174 Cal. Rptr. 112, 119 (Cal. Ct. App. 1981). For this reason the two burglaries do not fit the § 921 exclusion and both meet the definition of a violent felony.

Since Sumlin had three prior violent felony convictions, he qualified as an armed career criminal and the district court did not err in enhancing the sentence under § 924. We therefore affirm the judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.