# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3488

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Ricky L. Floyd, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 17, 1999

Filed: December 23, 1999

_____

Before McMILLIAN and FAGG, Circuit Judges, and BOGUE,* District Judge.

_____

PER CURIAM.

Ricky L. Floyd pleaded guilty to conspiracy to distribute methamphetamine and was sentenced to 84 months in prison. Floyd appeals his sentence, first claiming the district court erroneously applied a career offender enhancement because his 1982 California state conviction for second degree burglary is not a crime of violence within the meaning of U.S. Sentencing Guideline § 4B1.1. We disagree. A crime of violence

_____

*The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," U.S.S.G. § 4B1.2(a), "regardless of the punishment actually imposed," United States v. Sumlin, 147 F.3d 763, 765 (8th Cir. 1998). Because the maximum penalty for second degree burglary in California is three years imprisonment, see id. (analyzing relevant sections of the California Penal Code), the district court correctly found Floyd's second degree burglary conviction was a crime of violence for purposes of the career offender enhancement.

Floyd also contends the district court improperly denied his request for a downward departure either as a minor participant under U.S.S.G. § 3B1.2 or because of exceptional circumstances under U.S.S.G. § 5K2.0. These contentions are meritless. Career offenders are not eligible for reductions under U.S.S.G. § 3B1.2. See United States v. Beltran, 122 F.3d 1156, 1160 (8th Cir. 1997). Because the district court was aware of its authority to depart under § 5K2.0 and chose not to depart, the decision is not reviewable on appeal. See United States v. Jones, 145 F.3d 959, 965 (8th Cir.) cert. denied, 119 S. Ct. 457 (1998).

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.