Filed 3/17/15  P. v. Culp CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL WAYNE CULP,<br><br>    Defendant and Appellant. | F068584<br><br>(Kern Super. Ct. No. BF142707A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Thomas S. Clark, Judge.

Audrey Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Marcia A. Fay, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

This case presents a straightforward question of statutory interpretation: Does Penal Code section 18[1] apply to state prison terms imposed for attempted extortion pursuant to section 524? We conclude that it does and reject defendant's argument to the contrary. As a result, we will affirm the judgment while ordering one minor change to the abstract of judgment.

## BACKGROUND

There was evidence adduced at trial that defendant and several accomplices kidnapped a man and attempted to extort $50,000 from his boss.[2] Defendant, who had been charged with several crimes, was only convicted of one: A lesser included offense of attempted extortion.

The court sentenced defendant to a total of six years in prison: Three years on the attempted extortion conviction, which was doubled due to defendant's prior strike. (§ 667, subd. (e).)

Defendant's sole contention on appeal is that his sentence is not authorized by the relevant statutes.

## DISCUSSION

### I.  THE PARTIES' CONTENTIONS AND STATUTORY BACKGROUND

Defendant argues that his six-year prison term was impermissibly long because attempted extortion is only punishable by a prison term of one year or less. (§ 524.) Even if that maximum term is doubled for defendant's prior strike, the maximum sentence becomes two years. Thus, he contends his six-year term is unauthorized.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] "Since appellant raises only sentencing issues in this appeal, we need not recite the facts of the underlying charge." (*People v. Logsdon* (1987) 191 Cal.App.3d 338, 341.)

We disagree with defendant's submission that the Penal Code only provides for state prison terms of one year or less on attempted extortion convictions. Instead, as explained below, we conclude that the Penal Code does permit a three-year prison term to be imposed for attempted extortion. (§§ 17, 18, 524.) When that maximum permissible term is doubled pursuant to defendant's prior strike, the term becomes six years. Defendant's sentence was authorized.

*Section 524*

Both parties agree that section 524 governs defendant's sentencing for attempted extortion. That statute provides:

> "Every person who attempts, by means of any threat, such as is specified in Section 519 of this code, to extort money or other property from another is punishable by imprisonment in the county jail not longer than one year or in the state prison or by fine not exceeding ten thousand dollars ($10,000), or by both such fine and imprisonment." (§ 524.)

## II. THE PERMISSIBLE LENGTHS OF STATE PRISON TERMS IMPOSED UNDER SECTION 524 ARE GOVERNED BY SECTION 18

The core dispute centers around section 524's language dealing with incarceration, which provides that attempted extortion "is punishable by imprisonment in the county jail not longer than one year or in the state prison .…" (§ 524.)

Defendant submits this language means that the "maximum term of imprisonment for attempted extortion is one year of incarceration" regardless of whether the defendant is sentenced to county jail or state prison. Accepting this interpretation would have us accrediting awkward syntax while ignoring section 18 altogether.

Section 18 provides, in part:

> "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony is punishable by imprisonment for 16 months, or two or three years in the state prison unless

3.

the offense is punishable pursuant to subdivision (h) of Section 1170."**3**
(§ 18, subd. (a).)

The applicability of section 18 to attempted extortion under section 524 is clear. "California law provides that if a crime is 'punishable by imprisonment in a state prison' and no prison term is specified," then section 18 governs the sentence. (*United States v. Sumlin* (8th Cir. 1998) 147 F.3d 763, 765; see §§ 17, 18; *People v. Athar* (2005) 36 Cal.4th 396, 407 (dis. opn. of Kennard, J.); *In re Eric J.* (1979) 25 Cal.3d 522, 529; see, e.g., *People v. Taylor* (2001) 93 Cal.App.4th 933, 943, 949 (conc. & dis. opn of Morrison, J.); *People v. Jackson* (1987) 196 Cal.App.3d 380, 385, fn. 2, criticized on another point in *People v. Rodriguez* (1990) 51 Cal.3d 437, 444, fn. 3; *People v. Bell* (1984) 159 Cal.App.3d 323, 328.)  Attempting to extort money or other property under section 524 is "a crime … 'punishable by imprisonment in a state prison' and no prison term is specified …."  (*United States v. Sumlin*, *supra*, 147 F.3d at p. 765; § 524.) Consequently, section 18 governs the sentence.  (See *United States v. Sumlin*, *supra*, at p. 765.)

Defendant disputes the minor premise of our syllogism.  He contends that section 524 *does* specify the permissible range of state prison terms by requiring any state prison term be "not longer than one year."  (§ 524.)  We reject this reading of section 524.  The phrase "not longer than one year" limits only terms of imprisonment in the county jail, not state prison terms.  We reach this conclusion for several reasons.  First, the phrase "or in state prison" is separated from the one-year maximum language by the disjunctive "or," indicating they are entirely separate options for punishment.  Second, and perhaps

---

**3** The attempted extortion committed by defendant was a felony because it was punishable by imprisonment in a state prison and none of the events outlined in section 17, subdivisions (b)(1)–(5) occurred.  (§ 17.)

more importantly, several penal statutes with nearly identical language have been interpreted in this fashion.

In *In re Eric J.*, *supra*, 25 Cal.3d 522, the defendant had committed second degree burglary. (*Id.* at p. 529.) At the time, section 461 provided that second degree burglary is punishable " 'by imprisonment in the county jail not exceeding one year or in the state prison.' [Citation.]" (*Ibid.*) The Supreme Court held that since the statute provided for imprisonment in the state prison, but did not specify the term length(s), section 18 applied. (*Ibid.*; see also *People v. Bell*, *supra*, 159 Cal.App.3d at p. 328.) By necessary implication, the Supreme Court did not read the one-year maximum in then-section 461 to apply to both county jail and state prison terms.

Language from the case of *People v. Jackson*, *supra*, 196 Cal.App.3d 380 is to similar effect. In that case, the Court of Appeal dealt with several crimes including the one defined in then Health and Safety Code section 11355. (*People v. Jackson*, *supra*, 196 Cal.App.3d at p. 385.) In 1984, that statute provided for punishment "by imprisonment in the county jail for not more than one year, or in the state prison." (Health & Saf. Code § 11355, as amended by Stats. 2011–2012, 1st Ex. Sess., ch. 12X, § 4.) The court held that because the statute "did not specify the length of any state prison term to be imposed as punishment … [v]iolation of section 11355 was" punishable under section 18. (*People v. Jackson*, *supra*, at p. 385, fn. 2.)

### III. CORRECTING THE ABSTRACT OF JUDGMENT ON REMAND

The abstract of judgment indicates that defendant was sentenced under sections 664 and 518. Section 664 governs sentencing of attempt crimes "where no provision is made by law for the punishment of those attempts …." (§ 664.) The punishment for defendant's crime *is* provided for by other law (see §§ 18, 524), and therefore section 664

does not apply. [4]  We will order the abstract of judgment amended accordingly to reflect that defendant was sentenced pursuant to sections 524 and 18, not section 664.

## DISPOSITION

The matter is remanded to the trial court so that it may amend the abstract of judgment to reflect that defendant was sentenced pursuant to Penal Code sections 524 and 18.  The trial court is further directed to have certified copies of the amended abstract transmitted to the appropriate parties and entities.  In all other respects, the judgment is affirmed.

_____
Poochigian, J.

WE CONCUR

_____
Cornell, Acting P.J.

_____
Kane, J.

---

[4] Both parties agree that section 664 does not apply here.  But defendant makes an alternative argument in his supplemental opening brief in the event we concluded section 664 does apply.  Since we conclude section 664 does not apply, we reject defendant's alternative argument.