Filed 2/29/24  P. v. Youngdabney CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096503 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F6513) |
| v. | |
| DESHAWN DELOVIS YOUNGDABNEY, | |
| Defendant and Appellant. | |

Defendant Deshawn Delovis Youngdabney committed three separate armed robberies over a period of about three hours in October 2020.  After a bifurcated jury trial, defendant was convicted of three counts of second degree robbery (with firearm enhancements) and one count of reckless evasion, with a prior serious felony and prior "strike" conviction.  Defendant was sentenced to an aggregate term of 40 years and four months.

Defendant's arguments on appeal relate solely to the sentence imposed.  He argues that (1) the trial court violated the prohibition against dual use of facts at sentencing, and

1

(2) that the case should be remanded for resentencing because the sentencing court was unaware of its discretion to strike firearm enhancements imposed under Penal Code section 12022.53, subdivision (b),[1] and substitute an uncharged, lesser-included enhancement in its place. Alternatively, he argues his counsel provided ineffective assistance in failing to raise these objections at sentencing.

We conclude that a remand for resentencing is appropriate so the court may exercise "informed discretion" whether to strike the section 12022.53, subdivision (b) enhancements and substitute lesser uncharged firearm enhancements under section 12022.5, subdivision (a). Accordingly, we vacate defendant's sentence and remand for a new sentencing hearing. We therefore find it unnecessary to consider defendant's other contentions.

PROCEDURAL BACKGROUND

On November 10, 2021, a jury found defendant guilty of three counts of second degree robbery (§ 211) and found true that in each robbery defendant personally used a firearm within the meaning of section 12022.53, subdivision (b). The jury also found defendant guilty of reckless evasion in violation of Vehicle Code section 2800.2.

In a bifurcated trial after a jury waiver,[2] the trial court found true that defendant suffered a 2013 conviction for conspiracy to commit robbery (Shasta County case No. 12F4149), which qualifies as a prior serious felony for purposes of a five-year enhancement (§ 667, subd. (a)(1)) and as a "strike" for purposes of the Three Strikes law (§ 1170.12). The court also found defendant in violation of the terms and conditions of his probation in two different cases (Shasta County case Nos. 14F7834 and 20F1010).

---

[1] Undesignated section references are to the Penal Code.

[2] Defendant waived his right to a jury trial as to the bifurcated prior conviction allegations and with respect to "whether there are sufficient facts to support an aggravated finding" under new sentencing laws that took effect on January 1, 2022.

At the request of counsel, sentencing was continued to allow the parties to address the recently-enacted amendments to sections 1170 and 1385 made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) and Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill 81).

Before Senate Bill 567 was enacted, section 1170 provided that the choice between the lower, middle, and upper term "rest[ed] within the sound discretion of the court." (Former § 1170, subd. (b).) Senate Bill 567 amended section 1170 by, among other things, making the middle term the presumptive sentence for a term of imprisonment and placing restrictions on the trial court's discretion to impose an upper-term sentence. (Stats. 2021, ch. 731, § 1.3.) As amended, section 1170, subdivision (b), provides that "a sentence exceeding the middle term [may only be imposed] when there are circumstances in aggravation of the crime that justify" a higher term, and the facts underlying those aggravating circumstances (1) have been stipulated to by the defendant, (2) have been proven to a fact finder beyond a reasonable doubt, or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(2)-(3).) Senate Bill 567 also added a provision that requires the trial court to impose the lower term if defendant's youth or psychological, physical, or childhood trauma contributed to the commission of the offense, unless the court finds that "the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6)(A) & (B); Stats. 2021, ch. 731, § 1.3.)

Senate Bill 81 amended section 1385 to add a new subdivision (c), which provides, in relevant part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in

3

subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(1), (c)(2).)  The mitigating factors include (1) multiple enhancements are alleged in a single case, (2) application of an enhancement could result in a sentence of over 20 years, and (3) the enhancement is based on a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(B), (C), (H); Stats. 2021, ch. 721, § 1.)

Because of the changes in the sentencing laws, two probation reports were submitted.  The first report, prepared before the amendments, noted that defendant had a lengthy criminal history, including five felony convictions and several misdemeanors.  The first report recommended the imposition of the upper term, consecutive sentences on all offenses (including the probation violations), plus all applicable enhancements, for an aggregate prison term of 40 years and four months.  The second report, which applied the new sentencing laws and was intended to replace the first, recommended the imposition of the lower term and dismissal of all but one of the enhancements, for an aggregate term of 20 years and eight months.

Before sentencing, defense counsel filed a motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to dismiss defendant's prior strike conviction, along with a sentencing brief addressing the new sentencing laws.  Defense counsel argued that, considering the amendments to sections 1170 and 1385, the trial court should impose the lower (or, at most, middle) term for the principal offense, and strike all but one of the enhancements.  The prosecution's sentencing brief argued that (1) there are circumstances in aggravation (relating to defendant's prior convictions, probationary status, and prior performance on probation) that justify the imposition of an upper term; (2) there was not sufficient evidence to show trauma was a contributing factor in the commission of the crimes; (3) imposition of the lower or middle term would be contrary

4

to the interests of justice; and (4) dismissal of the enhancements would not be in furtherance of justice and would result in physical injury and/or endanger public safety.

At a May 27, 2022 sentencing hearing, the trial court expressed sympathy for defendant's difficult childhood, but the court was not convinced that trauma was a contributing cause of defendant's crimes. The court found a "compelling" need to impose a sentence that would protect public safety based on the current offenses and defendant's extensive criminal history, by which defendant had "convincingly proved" he was not amenable to rehabilitation. Thus, in the interests of justice, the court denied the *Romero* motion and adopted the sentencing recommendation outlined in the first probation report, imposing an aggregate term of 40 years and four months, which included an upper term for the principal offense (count 1) and consecutive terms on all offenses.

On May 31, 2022, four days after the initial sentencing, the trial court called the parties back for a second hearing. The court stated that it wanted to make clear on the record that it understood it had "a great deal of discretion" in sentencing defendant and that it was exercising that discretion to impose "the higher term." The court also was concerned about whether it had adequately articulated its reasons for choosing the upper term. The court then started listing the aggravating factors that it considered in imposing the upper term: (1) defendant's prior convictions are numerous and of increasing seriousness, (2) defendant was on probation when the current offenses were committed, (3) defendant's prior performance on probation was poor, (4) the crime involved the threat of great bodily harm, (5) defendant was armed with a handgun, (6) the victims were vulnerable, (7) the defendant occupied a position of leadership, and (8) defendant induced a minor to be present during the commission of the crimes.

At this point, the prosecutor interjected: "The People were only asking for [aggravation] based on the prior record and the fact [the defendant was] on probation. I believe some of the other factors the Court is reading in [California Rules of Court, rule]

5

4.421 do have to be alleged and proven at a trial, and so I don't know if that changes the Court's analysis . . . ."

In response, the trial court said, "That point is very well taken because the prior crime, standing by themselves, were sufficient to aggravate the term. . . . I don't want the–an appellate court to think that without those factors the Court would not have aggravated the term. So your point is well taken. [¶] So I think I have sufficiently covered those factors that I can consider legally, and I wanted to clarify that on the record . . . . [¶] Given the language of [sections] 1170 and 1385, not only are there sufficient aggravating factors but the Court found that the application of those statutes would not be in the best interest of justice and[,] if applied, would result in physical injury or endangerment to public safety.

## DISCUSSION

### I

*Sentencing Discretion Under Section 12022.53*

Defendant argues we should remand for resentencing to allow the trial court to exercise its discretion to strike the section 12022.53, subdivision (b) (§ 12022.53, subd. (b)), firearm enhancements and instead impose uncharged, lesser-included firearm enhancements under section 12022.5, subdivision (a) (§ 12022.5, subd. (a)). We agree.

A.    *Legal Background*

Section 12022.53 establishes a three-tiered system of sentencing enhancements for personal use or discharge of a firearm in the commission of specified felonies. (*People v. Tirado* (2022) 12 Cal.5th 688, 694-695 (*Tirado*).) Section 12022.53, subdivision (b) provides a 10-year enhancement for the personal use of a firearm; subdivision (c) provides a 20-year enhancement for the personal and intentional discharge of a firearm; and subdivision (d) provides a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death. (§ 12022.53, subds. (b)-(d).)

6

Section 12022.5, subdivision (a) punishes the same conduct as section 12022.53, subdivision (b), but it applies more broadly—encompassing *any* felony—and entails "more nuanced punishment." (*People v. Johnson* (2022) 83 Cal.App.5th 1074, 1085, review granted Dec. 14, 2022, S277196, briefing deferred (*Johnson*).) Section 12022.5, subdivision (a), provides that "any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years . . . ." (§ 12022.5, subd. (a).)

Before January 1, 2018, courts lacked authority to strike firearm enhancements under sections 12022.5 and 12022.53. (Former § 12022.5, subd. (c); former § 12022.53, subd. (h).) However, in 2017, the Legislature enacted Senate Bill No. 620 (2017–2018 Reg. Sess.) (Sen. Bill 620), which gave courts discretion under section 1385 to strike or dismiss an enhancement in the interest of justice. (Stats. 2017, ch. 682 §§ 1-2; *Johnson, supra*, 83 Cal.App.5th at pp. 1085-1086, rev. granted.)

In the wake of Senate Bill 620, appellate courts were split on whether trial courts had the discretion to strike a section 12022.53, subdivision (d), firearm enhancement, and substitute a lesser, uncharged enhancement within the same statute. (*Tirado, supra*, 12 Cal.5th at p. 696.) In January 2022, the California Supreme Court resolved this split. In *Tirado*, the Supreme Court rejected the notion that courts are faced with a binary choice of either imposing or striking a section 12022.53 enhancement and held that courts have discretion to impose an uncharged lesser enhancement within the same statute so long as the facts necessary to support such enhancement were alleged and found true. (*Tirado,* at pp. 692, 699-700.)

*Tirado* did not consider whether trial courts have the discretion to strike a section 12022.53, subdivision (b) enhancement and impose an uncharged, lesser enhancement under a different statute. Nevertheless, some courts—including this one—have relied on *Tirado* to conclude that trial courts have the discretion to impose an uncharged

enhancement under section 12022.5, subdivision (a) after striking a section 12022.53 enhancement. (*Johnson, supra*, 83 Cal.App.5th at p. 1080, rev. granted; *People v. Fuller* (2022) 83 Cal.App.5th 394, 397, review granted Nov. 22, 2022, S276762, briefing deferred (*Fuller*).)

B. *Analysis*

Defendant argues that he is entitled to remand for resentencing because the trial court was unaware of its discretion to strike the charged section 12022.53, subdivision (b) enhancements and impose a lesser enhancement under section 12022.5, subdivision (a). The People disagree that trial courts have such discretion. The People contend that section 12022.53, subdivision (j) precludes courts from striking a section 12022.53 enhancement and substituting a more lenient enhancement from a different statute.

As noted above, this court already has answered this question adversely to the People's position, which they acknowledge. In *Johnson, supra*, 83 Cal.App.5th 1074, rev. granted, a different panel of this court concluded that trial courts have the discretion to strike a section 12022.53, subdivision (b) enhancement and substitute an uncharged enhancement under section 12022.5, subdivision (a). (*Johnson,* at pp. 1080, 1088-1090.)

We acknowledge that at least one court has reached the opposite conclusion, (*People v. Lewis* (2022) 86 Cal.App.5th 34, 39-42) and that the issue is pending before the California Supreme Court. (See *People v. McDavid* (July 14, 2022, D078919) [nonpub. opn.] [2022 Cal.App. Unpub. LEXIS 4364], review granted Sept. 28, 2022, S275940, cause argued and submitted on February 6, 2024.) Pending Supreme Court resolution of this split, we follow the approach our court took in *Johnson* and conclude that section 12022.53 gives courts discretion to substitute a lesser uncharged enhancement under section 12022.5, subdivision (a). (*Johnson, supra*, 83 Cal.App.5th at pp. 1080, 1086-1093, rev. granted; *Fuller, supra*, 83 Cal.App.5th at pp. 400-403, rev. granted; see *People v. Fialho* (2014) 229 Cal.App.4th 1389, 1398-1399 [trial court did

8

not err by imposing § 12022.5. subd. (a) enhancement after determining § 12022.53, subd. (d) enhancement did not apply].)

In this case, the trial court was not asked to consider imposing a lesser firearm enhancement under section 12022.5, subdivision (a), and there is nothing in the record to suggest the court was aware it had the discretion to impose a lesser uncharged enhancement. Further, the court cannot be presumed to have been aware of such discretion since, at the time of sentencing, no published case had held that an uncharged lesser firearm enhancement could be imposed in lieu of an enhancement under section 12022.53, subdivision (b). (*People v. Morrison* (2019) 34 Cal.App.5th 217, 224-225; *People v. Chambers* (1982) 136 Cal.App.3d 444, 457.) "In such circumstances, [our Supreme Court has] held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' [Citations.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; see *Tirado, supra*, 12 Cal.5th at p. 694 [a court acting while unaware of the scope of its discretion is understood to have abused it].)

The People argue that remand is unnecessary here because the record clearly indicates the trial court would not have imposed a lesser enhancement. We are not convinced.

While it is true the trial court's sentencing choices—imposing the upper term and consecutive sentences and declining to dismiss the prior "strike" and enhancements— suggest the court was disinclined to afford defendant much leniency, they do not foreclose the possibility that the court would have reduced the firearm enhancements had it known that was an option. California courts have cautioned against trying to discern what a trial court might do on remand based solely on the original sentencing choices. (*People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110-1111 [trying to discern what a trial court might do on remand based on the original sentence is speculation and does not satisfy the " 'clearly indicated' " standard]; *People v. Bell* (2020) 47 Cal.App.5th 153,

9

199 [same]; *People v. Salazar* (2023) 15 Cal.5th 416, 418 ["Mere reliance on the length of the original sentence and attendant decisions . . . is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers"].)

The trial court's comments at sentencing also do not persuade us that remand would be an idle act. Certainly, the court expressed a view that defendant's current offenses, probation violations, and past criminal conduct warranted a lengthy prison sentence to protect public safety. But these comments were made in the context of explaining why the court imposed the upper term and decided not to dismiss the prior "strike" conviction/enhancement. The record is otherwise silent as to the court's reasons for imposing consecutive sentences and choosing not to strike the firearm enhancement. This was not a case in which the court made pointed comments on the heinous nature of defendant's crimes. Neither did the court expressly state or clearly indicate that defendant was undeserving of any leniency. Indeed, the court expressed sympathy for defendant's difficult childhood, even if the court was not convinced that it was a contributing cause of defendant's criminality. In short, the court's comments help explain the sentencing choices that it made, but are not sufficient to clearly indicate that it would have imposed the same firearm enhancements if it knew it was not limited to the binary choice of either imposing or striking the § 12022.53, subdivision (b) enhancements.

On this record, we cannot say with confidence that the trial court would have reached the same conclusion if it had been aware of the full scope of its discretion. (See *People v. Johnson* (2019) 32 Cal.App.5th 26, 69 [remanding despite the trial court's comments that the enhancement was entirely appropriate and that it would not strike the serious prior felony even if it had the discretion to do so]; *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1081 [remanding even though the trial court suggested it would not have stricken the enhancement even if it had that discretion]; *People v. Gutierrez* (2014)

10

58 Cal.4th 1354, 1367, 1391 [remanding even though the trial court stated it was "absolutely convinced" life without the possibility of parole was the only thing it could do to redress the amount of violence inflicted in the case].)  We therefore conclude that it is appropriate to vacate defendant's sentence and remand this matter so the trial court may exercise its "informed discretion" at a new sentencing hearing.

Given this result, we need not consider defendant's other contentions. Nonetheless, our review has disclosed certain irregularities or ambiguities in the pronouncement of sentence which we will highlight and direct the trial court to revisit on remand.

First, to justify the imposition of the upper term, the trial court appears to have relied (at least initially) on aggravating factors that do not comply with the amended requirements of section 1170, subdivision (b), such as the finding that "the victims were vulnerable."  Although the court later clarified that it would have aggravated the term based solely on defendant's prior criminal record and probation violations, it is not entirely clear whether the court continued to rely on the impermissible aggravating factors to augment defendant's sentence.

Second, because the trial court failed to state any reasons for imposing consecutive terms (*People v. Coleman* (1989) 48 Cal.3d 112, 166; § 1170, subd. (c); Cal. Rules of Court, rule 4.406(b)(4)), there is a risk that the court may have made improper dual use of facts in imposing defendant's sentence.[3]  (See *People v. Jackson* (1987) 196 Cal.App.3d 380, 388 [an important reason for the requirement that the trial court accompany its

---

[3]    Under the dual-use doctrine, a sentencing court may not use a single fact both to impose the upper term and to justify consecutive sentences or support an enhancement. (*People v. Scott* (1994) 9 Cal.4th 331, 350; *People v. Coleman, supra*, 48 Cal.3d at p. 163; *People v. James* (1989) 208 Cal.App.3d 1155, 1167, fn. 7; § 1170, subd. (b)(5); Cal. Rules of Court, rule 4.425(b); Cal. Rules of Court, rule 4.420(g).)

sentencing choices with a statement of reasons is "the assurance which such statements provide that no one fact has been twice used to enhance punishment"].)

Finally, in imposing the prior serious felony enhancement, it is clear the trial court did not understand the distinction between an offense-based enhancement, which applies to every relevant count, and a status-based enhancement, which does not attach to individual counts and is added only once as a final step in arriving at the aggregate determinate sentence. (*People v. Sasser* (2015) 61 Cal.4th 1, 10-11, 15.) Here, the trial court imposed the five-year prior serious felony enhancement (§ 667, subd. (a)(1)) on count 1 and imposed and stayed the same enhancement on counts 2 and 3. However, because the prior serious felony enhancement is a status-based enhancement, it should have been added only once, as the final step in computing the total aggregate sentence and should not have been attached to the individual counts.

## DISPOSITION

Defendant's sentence is vacated, and this matter is remanded to the trial court.  On remand, the court is directed to hold a new sentencing hearing, consistent with this opinion.  Following resentencing, the court is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

_____\\s\\_____,
Krause, J.

We concur:

_____\\s\\_____,
Earl, P. J.

_____\\s\\_____,
Keithley, J.*

---

\*      Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.